## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2020, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rodney D. Jacobs, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 20, 2020 <br><br> Court of Appeals Case No. 19A-CR-2504 <br><br> Appeal from the Putman Circuit Court <br><br> The Honorable Matthew L. Headley, Judge <br><br> Trial Court Cause No. 67C01-1805-F4-116 |

**Altice, Judge.**

## Case Summary

[1] Rodney D. Jacobs, Jr. pleaded guilty to sexual misconduct with a minor, a Level 4 felony. The trial court sentenced him to ten years, with five years executed at the Indiana Department of Correction and five years suspended to probation. On appeal, Jacobs argues that the trial court abused its discretion in sentencing him and that the sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

### Facts & Procedural History

[3] From November 2017 until March 2018, Jacobs, a forty-year-old man, engaged in multiple acts of sexual intercourse, oral sex, digital penetration, and masturbation with fourteen-year-old J.M. Jacobs was a trusted friend of J.M.'s family for over four years. He often slept with J.M. when her parents were not at home. He also bought gifts for J.M. and visited her at school. They acted like they were a couple when in public, and this prompted an investigation by the Indiana Department of Child Services.

[4] On May 23, 2018, the State charged Jacobs with one count of sexual misconduct with a minor, a Level 4 felony. On September 26, 2019, Jacobs pleaded guilty to the charged crime pursuant to a plea agreement that capped the executed time at six years. On October 1, 2019, the trial court sentenced Jacobs to ten years, with five years executed and five years suspended to probation. Jacobs now appeals.

## Discussion & Decision

## 1. Abuse of Discretion

[5] Jacobs argues that the trial court abused its discretion by omitting two mitigating circumstances advanced at sentencing, namely, he was molested as a child and he was unlikely to reoffend because he was in therapy.

[6] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may be found to have abused its discretion by (1) failing to enter a sentencing statement; (2) entering a sentencing statement that includes reasons not supported by the record; (3) entering a sentencing statement that omits reasons clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. When claiming that the trial court failed to identify or find a mitigating circumstance, it is the defendant's burden to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 493.

[7] Because a court may impose any sentence authorized by statute "regardless of the presence or absence of aggravating circumstances or mitigating circumstances," a trial court is no longer obligated to weigh aggravating and

mitigating factors against each other when imposing a sentence. *Id.* at 488. The trial court must, however, enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence. *Id* at 490. If the trial court finds the existence of aggravating or mitigating circumstances, it must give a "statement of the court's reasons for selecting the sentence that it imposes." Ind. Code § 35-38-1-3. On review, we may examine both the written and oral sentencing statements to discern the findings of the trial court. *See Vaughn v. State*, 13 N.E.3d 873, 890 (Ind. Ct. App. 2014), *trans. denied*.

[8] In this case, the trial court entered a detailed, thoughtful oral sentencing statement followed by a written sentencing statement. It is apparent to us that the trial court considered each of the proffered mitigating circumstances that Jacobs now contends were omitted. Specifically, while the trial court acknowledged that Jacobs had already been in therapy, this does not mean necessarily that Jacobs was unlikely to reoffend. In fact, the probation officer testified that sex offenders are often at a higher risk to reoffend. Furthermore, the trial court considered and expressly rejected the proffered mitigator that the trial court should be more lenient to Jacobs because Jacobs himself was molested when he was young. The trial court noted that Jacobs harmed the victim even though he personally "knew the pain of a molestation." *Transcript* at 55.

[9] Jacobs has failed to establish an abuse of discretion. Accordingly, we turn to his claim that the ten-year sentence, with five years executed at the Indiana

Department of Correction and five years suspended to probation, was inappropriate in light of his character and nature of the offense.

## 2. Inappropriate Sentence

Although the trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Anglemyer*, 868 N.E.2d at 491. This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id.* Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Jacobs bears the burden of persuading us that his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

In order to assess the appropriateness of a sentence, we start with the statutory range established for the classification of the relevant offense. Here, Jacobs pleaded guilty to a Level 4 felony. The sentencing range for a Level 4 felony is two years to twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. Jacobs received five years executed followed by five years on

probation. Thus, not only was his sentence well below the maximum he could have received, but the executed portion was also below the agreed six-year cap.

[12] Regarding the nature of the offense, we find Jacobs's actions particularly egregious. For over five months, Jacobs—an adult man in his forties—subjected a fourteen-year-old minor to sexual intercourse, oral sex, masturbation, and digital penetration. The misconduct only stopped because of the involvement of Department of Child Services; otherwise, it is not clear how long Jacobs would have continued abusing J.M. While we acknowledge that Jacobs does not have an extensive criminal history, the ongoing victimization reflects poorly on his character. He groomed J.M. with gifts and attention that helped him achieve his sexual gratification. Further, Jacobs was a trusted friend of the family, who used his position to get closer to J.M. Not only did he sleep with J.M. when her parents were not there, but he also visited her at school. The nature of the offense and Jacobs's character do not warrant the revision of his sentence.

[13] Based on the foregoing, we conclude that Jacobs's sentence is not inappropriate in light of the nature of the offense and his character.

[14] Judgment affirmed.


Robb, J. and Bradford, C.J., concur.